Piao v. Sessions

BIA
Christensen, IJ
A089 885 268

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand seventeen.

PRESENT:
> **DENNIS JACOBS,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

**MEIHUA PIAO,**
> *Petitioner*,

v.                                                                15-3137
                                                                 NAC

**Jefferson B. Sessions III, United States Attorney General,**

> **Respondent.**

_____

| | |
|---|---|
| **FOR PETITIONER:** | Jan Potemkin, New York, N.Y. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Michelle G. Latour, Deputy Director; Victor M. Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Meihua Piao, a native and citizen of China, seeks review of a September 11, 2015 decision of the BIA, affirming a November 22, 2013 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meihua Piao*, No. A089 885 268 (B.I.A. Sept. 11, 2015), *aff'g* No. A089 885 268 (Immig. Ct. N.Y. City Nov. 22, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA (i.e., not considering the IJ's finding of inconsistency regarding Piao's IUD—a finding on which the BIA declined to rely). *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary

2

to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's determination that Piao was not credible.

First, the agency reasonably based the credibility determination on inconsistencies among Piao's testimony and documentary evidence concerning where the confirmation of her pregnancy and her abortion took place. *See Xiu Xia Lin*, 534 F.3d at 163–64. Piao testified on both direct and cross-examination that her pregnancy was discovered and her abortion took place at Yan Bian Hospital. Her medical records, however, were from the People's Hospital of Longjing City. When confronted with this discrepancy, Piao reaffirmed that her abortion occurred at Yan Bian Hospital. Piao's counsel later showed her a picture of Longjing City Hospital, and Piao testified that she recognized that hospital as Longjing City Hospital and that was where her abortion was performed. The IJ was not compelled to accept Piao's explanation that she had difficulty remembering things since her brother passed away because her alleged abortion is at the very core of her claim, the two hospitals were located in different cities 40 minutes apart, and she stated in her application that she did not have siblings. *See Majidi*, 430 F.3d at 80–81.

3

Second, the agency properly based the credibility determination on inconsistencies in Piao's testimony concerning when she fled China and arrived in the United States. *See Xiu Xia Lin*, 534 F.3d at 163–64. Piao initially testified that she departed China on July 31, 2007. She then testified that she left on October 2, 2007, before immediately changing her testimony back to July 31, 2007. She then testified that she arrived in the United States in October 2008, but insisted that she left China in July 2007. The IJ reasonably observed that while minor inconsistencies related to dates need not be fatal, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), these inconsistencies further undermined Piao's credibility because they demonstrated she was unable to testify regarding basic chronology. *See Tu Lin*, 446 F.3d at 402. We decline to consider Piao's arguments in this Court that her testimony was consistent and confirmed by her passport stamp because those arguments are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

Third, the agency reasonably based the credibility determination on inconsistencies in the record about how Piao entered the United States. *See Xiu Xia Lin*, 534 F.3d at 163–64. Piao testified that she entered the United States using a Korean passport at the U.S.-Mexican border. She later admitted to having told an asylum officer during her interview that she had used an American passport. When confronted with this discrepancy, Piao was initially nonresponsive and then testified that she used an American passport "but the photo [it] shows is a Korean." The IJ was not compelled to accept Piao's explanation, *see Majidi*, 430 F.3d at 80, and Piao's argument in this Court that she merely testified to having physically possessed a Korean passport during her

entry to the United States is both unexhausted and belied by the record, *see Lin Zhong*, 480 F.3d at 122.

Given the foregoing inconsistencies and the agency's proper rejection of Piao's reasonable explanations, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167; *Tu Lin*, 446 F.3d at 402. A reasonable adjudicator would not be compelled to conclude otherwise. The credibility finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Lastly, Piao's argument that the IJ failed to consider her corroborating evidence is misplaced. The agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted), and "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). Nevertheless, we do "require some indication that the IJ considered material evidence supporting a petitioner's claim." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). Here, while the IJ did not make a particular determination as to the weight of every piece of Piao's corroborating evidence, the IJ listed each piece of Piao's evidence in his decision and stated that he had considered it cumulatively in evaluating her eligibility for relief. Additionally, one of the pieces of evidence that Piao claims was ignored—her hospital records—was explicitly discussed by the IJ and found to be inconsistent with her testimony. The

5

record, therefore, contains sufficient indication that the IJ considered Piao's corroborating evidence, and the IJ's failure to "parse or refute" each piece of evidence on the record does not "compellingly suggest" that it was ignored.   *See id.*; *Wei Guang Wang*, 437 F.3d at 275; *Xiao Ji Chen*, 471 F.3d at 338 n.17.

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>